| ¡WHIPPLE, J.,
dissenting in part.
I dissent from the majority’s holding herein that the claim asserted by Sarah Williams is prescribed. As the majority notes, there is no question that her “claim arises out of the same allegedly discriminatory act of the School Board in reducing hours and benefits as the other plaintiffs assert in their causes of action. Further, because Sarah Williams was employed by the School Board in the Janitor 1-9 months position, and the School Board had notice that these employees were attempting litigation as a class over the elimination of hours and benefits from the 1992-93 budget, the School Board should have known of the existence and involvement of Sarah Williams in this lawsuit.” Moreover, as the majority opinion appropriately recognizes, the jurisprudence requires that this court evaluate whether the defendant would be prejudiced in preparing and conducting a defense herein in order to defeat the relating-back of the claim asserted by Williams in this lawsuit. See Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1044 (La.1985).
Nonetheless, the majority then focuses on the other plaintiffs’ knowledge, noting that “the plaintiffs were in possession of information that would have led to the discovery of Sarah Williams and her claim well before it was actually filed” as a basis for finding her claim was prescribed. I respectfully submit that the majority has erred in placing undue reliance upon this fact. Instead, the focus should be whether or not the defendant herein had knowledge of the claim and whether it has j2suffered any prejudice in preparing or conducting its defense because of the late claim, as set forth in Giroir, which prejudice has not been shown herein.
Further, I disagree with the majority’s holding that the claims of Allen and Marion-neaux should be dismissed herein on an exception of no right of action. In particular, I *1160 find the majority errs in its determination that “the reduction in hours worked by Janitor I and elimination of the benefits of Janitor 1 did not affect Allen and Marionneaux because their classification as day-by-day substitutes did not entitle them to the guaranteed hours and benefits of the Janitor 1 position.” Under the practices in which these plaintiffs allege the School Board had engaged, I find that these parties have a real and actual interest in the suit and should be allowed their day in court.
For these reasons, I respectfully dissent in part.